## SUPREME COURT.

### JAYCOCKS agt. AYRES.

An answer in slander which justifies the words alleged in the complaint, "she is a thief, and has stole my gold pen and pencil," may properly allege a variety of thefts of different articles by the plaintiff, other than those specified in the complaint. Why? Because they may be proved to show that the plaintiff *is* a thief, which is a distinct allegation in the complaint of action-able words.

*Dutchess Special Term, November* 1852. The complaint contains two counts. In the first count it alleges that defendant slandered the plaintiff by these words: "I have come for the spoons you stole; deliver up the keys of your trunk, for you have stolen them. The astrologer told me you had them, you thief."

In the second count the words are laid thus. "Susan Mary has robbed me. She is a thief, has stole my spoons, and gold pen and pencil."

The answer denies speaking the words contained in the first count. But, as to the second count, the answer only denies charging the plaintiff with stealing "spoons;" and admits the other words. It then proceeds to justify the admitted words, by alleging that they are true, and that at a specified time and place the plaintiff feloniously took and stole from the defendant "five boxes of tooth paste;" and at another time and place, "one cloth cloak of the value of twenty-five dollars, and one cashmere shawl of the value of thirty-five dollars," and, at another time and place, "one gold pen and case and one gold

pencil case;" and at other times and places, various other specified articles of personal property.

. The plaintiff now moves to strike out portions of the answer as irrelevant, impertinent and scandalous.

L. MAISON, *for Plaintiff.*

WALLIS & BRADSHAW, *for Defendant.*

BARCULO Justice.—The only question to be examined is, whether the matters set up in answer to the second count are liable to the objections of being irrelevant, impertinent or scandalous. That the answer is good, so far as relates to the justification of stealing the gold pen and pencil, can not admit of doubt, as it directly meets an averment in the complaint. But the plaintiff's counsel seems to suppose that the defendant is not at liberty to rely on other instances of theft. In this, I think he is mistaken, as will appear from a brief reference to the legal principles governing actions of slander.

The second count contains *three* sets of actionable words, if they are properly pleaded. The first are, " Susan Mary has robbed me;" the second, " she is a thief; ' the third, " she has stole my spoons and gold pen and pencil." If, on the trial, the plaintiff should prove that the defendant uttered any one of these phrases, a cause of action will be made out. Hence it follows that the defendant must be permitted to justify every set of words which constitute a cause of action; and if she can not justify all the actionable words, she may justify such part and so many of them as she may be able. Now suppose a not uncommon case, for the sake of illustration, that, on the trial, the plaintiff should succeed in proving only the words " she is a thief," which would maintain the action; and supposing too, that the defendant, although unable to justify the unproved words in relation to the " gold pen and pencil," should be able to prove that the plaintiff *was a thief,* by showing instances of larceny, is she not to be allowed the privilege? Certainly she is. But if so, she must set forth in her answer the facts constituting the larcenies; for another well settled rule of law intervenes, requiring a justification to be pleaded as well as proved, with great particularity and precision.

The defendant has merely complied with this rule by setting forth in her answer, with about as much certainty and particularity as is required in an indictment, the various larcenies on which she relies to sustain the epithet " thief," which she applied to the plaintiff; and in my opinion they are pertinent and are stated in a proper and legal manner.

If the plaintiff had been contented to count only on the last set of words, omitting those touching robbery and theft, as she might have done, the defendant would have been confined, in her justification to the larceny of the pen and pencil. But as the plaintiff has seen fit to include in the complaint the general charge of theft, she has opened the door to the admission of any and every larceny which the defendant can prove upon her.

The motion must, therefore, be denied, with $10 costs.